S. LANE TUCKER
United States Attorney

SETH BRICKEY
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, AK 99513-7567
Phone: (907) 271-5071
Email: seth.brickey-smith@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:24-cr-00037-SLG-KFR |
|---|---|
| Plaintiff, | |
| vs. | COUNT 1-2<br>VIOLATION OF THE LACEY ACT—<br>UNLAWFUL IMPORTATION OF<br>WILDLIFE<br>  Vio. of 16 U.S.C. § 3372(a)(2) and<br>3373(d)(1)(A) |
| NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL, | |
| Defendants. | COUNT 3-4<br>VIOLATION OF THE LACEY ACT—<br>UNLAWFUL TRANSPORTATION OF<br>WILDLIFE<br>  Vio. of 16 U.S.C. § 3372(a)(2) and<br>3373(d)(2) |
| | COUNT 5<br>FALSE STATEMENT AND<br>REPRESENTATION<br>  Vio. of 18 U.S.C. § 1001 |
| | CRIMINAL FORFEITURE<br>ALLEGATION<br>  16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) |

# INDICTMENT

The Grand Jury charges that:

## DEFINITIONS

The Lacey Act, Title 16, United States Code, Sections 3372(a)(2) and 3373(d) makes it unlawful, among other things, to import, transport, receive, or acquire wildlife when, in the exercise of due care, a person should know the wildlife was taken, possessed, or transported in violation of the laws or regulations of any State or in violation of foreign law.

The Yukon Wildlife Act, R.S.Y. 2002, c.229, section 6 provides: No person shall hunt or trap a species or type of wildlife at any time in any area of the Yukon unless the hunting or trapping of that species or type of wildlife at that time in that area is permitted under this Act.

The Yukon Wildlife Act, R.S.Y. 2002, c.229, subsection 30(1) provides: A person shall not possess wildlife that has been killed, injured, disabled, or captured contrary to this Act.

The Yukon Wildlife Act, R.S.Y. 2002, c.229, subsection 40(1) provides: A non-resident shall not hunt a big game animal unless the non-resident (a) is accompanied by a guide provided by an outfitter.

The Wild Animal and Plant Protection Regulation of International and Interprovincial Trade Act, R.S.C. 1992, c. 52., subsection 6(2) provides: Subject to the regulations, no person shall, except under and in accordance with a permit issued pursuant to subsection 10(1), import into Canada or export from Canada any animal or plant, or any

part or derivative of an animal or plant.

COUNT 1

On or about August 11, 2022, within the District of Alaska, the defendants, NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL knowingly imported wildlife, to wit: one Dall Sheep, that was taken, possessed, and transported in violation of any law or regulation of any State or in violation of any foreign law, to wit: Yukon Wildlife Act, R.S.Y. 2002, c.229 and Wild Animal and Plant Protection Regulation of International and Interprovincial Trade Act, R.S.C. 1992, c. 52.

All of which is in violation of 16 U.S.C. §§ 3372(a)(2) and 3373(d)(1)(A).

COUNT 2

On or about August 11, 2022, within the District of Alaska, the defendants, NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL knowingly imported wildlife, to wit: one Dall Sheep, that was taken, possessed, and transported in violation of any law or regulation of any State or in violation of any foreign law, to wit: Yukon Wildlife Act, R.S.Y. 2002, c.229 and Wild Animal and Plant Protection Regulation of International and Interprovincial Trade Act, R.S.C. 1992, c. 52.

All of which is in violation of 16 U.S.C. §§ 3372(a)(2) and 3373(d)(1)(A).

COUNT 3

On or about August 11, 2022, within the District of Alaska, the defendants, NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL imported, transported, received, and acquired, in interstate or foreign commerce wildlife, to wit: one Dall Sheep,

when in the exercise of due care NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL should have known the wildlife was taken, possessed, and transported in violation of any law or regulation of any State or in violation of any foreign law, to wit: Yukon Wildlife Act, R.S.Y. 2002, c.229 and Wild Animal and Plant Protection Regulation of International and Interprovincial Trade Act, R.S.C. 1992, c. 52.

All of which is in violation of 16 U.S.C. §§ 3372(a)(2) and 3373(d)(2).

## COUNT 4

On or about August 11, 2022, within the District of Alaska, the defendants, NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL imported, transported, received, and acquired, in interstate or foreign commerce wildlife, to wit: one Dall Sheep, when in the exercise of due care NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL should have known the wildlife was taken, possessed, and transported in violation of any law or regulation of any State or in violation of any foreign law, to wit: Yukon Wildlife Act, R.S.Y. 2002, c.229 and Wild Animal and Plant Protection Regulation of International and Interprovincial Trade Act, R.S.C. 1992, c. 52.

All of which is in violation of 16 U.S.C. §§ 3372(a)(2) and 3373(d)(2).

## COUNT 5

On or about August 16, 2022, within the District of Alaska, the defendants, NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL did willfully and knowingly make a materially false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United

States, by claiming to agents of the National Park Service at the Tok airport in the District of Alaska that JUSTIN NAGEL did not shoot a Dall sheep on a hunt that took place on or about August 11, 2022,. The statements and representations were false because, as NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL then and there knew, JUSTIN NAGEL fired the shot that killed a Dall sheep on August 11, 2022.

All of which is in violation of 18 U.S.C. § 1001.

## CRIMINAL FORFEITURE ALLEGATION

The allegations contained in Counts 1–4 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to 16 U.S.C. § 3374(a)(2); 28 U.S.C. § 2461(c); and Rule 32.2(a) of the Federal Rules of Criminal Procedure. Upon conviction of Counts 1–4 of this Information, the defendants, NATHAN EBERLE, KENNETH EBERLE, and JUSTIN NAGEL, shall forfeit to the United States pursuant to 16 U.S.C. § 3374(d) and 28 U.S.C. § 2461(c), any vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, and purchasing of wildlife involved in the commission of the offense, including, but not limited to rifles and scopes.

All pursuant to 16 U.S.C. § 3374(a)(2), 28 U.S.C. § 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

                                                    s/ Grand Jury Foreperson
                                                    GRAND JURY FOREPERSON

s/ Seth Brickey
SETH BRICKEY
Assistant U.S. Attorney
United States of America

s/ Kate Vogel for
S. LANE TUCKER
United States Attorney

DATE:     3/19/2024